**UNITED STATES, Appellee,**

v.

**Private E2 Patrick W. THURMOND, 491–58–2784, United States Army, Appellant.**

**ACMR 8801635.**

U.S. Army Court of Military Review.

23 Oct. 1989.

**710**

For Appellant: Captain Brian D. Bailey, JAGC, Captain Lauren B. Leeker, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant of distribution of lysergic acid diethylamide (LSD), possession of marijuana with intent to distribute, solicitation to commit murder, and obstruction of justice, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934 (1982 & Supp. IV 1986). The approved sentence provides for a dishonorable discharge, confinement for ten years, and reduction to Private E1.

■ The appellant contends that the solicitation to commit murder is multiplicious for findings with obstruction of justice. The appellant transferred LSD to Hartman, a confidential informant. After his apprehension, the appellant solicited Specialist Adada to murder Hartman, a potential witness against him. The solicitation of Adada to murder Hartman was the basis of Specification 1 of Charge III (soliciting Adada to murder Hartman) as well as Specification 2 of Charge III (endeavoring to impede a trial by soliciting Adada to murder Hartman). Under the facts of this case, Specification 1 of Charge III was included in Specification 2 of Charge III. The appellant's conviction of both cannot stand. Manual for Courts–Martial, United States, Rules for Courts–Martial 307(c)(4) discussion. *See United States v. Malanga*, 20 M.J. 377 (C.M.A.1985) (summary disposition); *United States v. Ingle*, 19 M.J. 90 (C.M.A.1984) (summary disposition) (obstruction of justice and communication of threat to witness multiplicious for findings). *See also United States v. Jackson*, 20 M.J. 300 (C.M.A.1985) (summary disposition) (obstruction of justice and altering documentary evidence multiplicious for findings).

■ In view of our holding regarding multiplicity, the maximum imposable period of confinement was 35 years, rather than 40 years. Exercising caution, we will reassess the sentence to purge the error.

We have considered the remaining assignments of error, including those urged personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The finding of guilty of Specification 1 of Charge III (soliciting Specialist Adada to murder Private Hartman) is set aside. Specification 1 of Charge III is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable

discharge, confinement for eight years and reduction to Private E1.

Judge SMITH and Judge VARO concur.